TJOFLAT, Circuit Judge, specially concurring:
As the court states, the district court committed Booker statutory error that is plain, but appellant has not met the third prong of Rodriguez’s plain-error test; he has not established “a reasonable probability” that the court would have imposed a lesser sentence had it treated the sentencing guidelines as advisory rather than mandatory. Ante at 5. That is, the district court failed to utter, at sentencing, words, I call them “magic words,” indicating that but for the mandatory guidelines, the court would have imposed a lesser sentence. United States v. Thompson, 422 F.3d 1285, 1302-05 (11th Cir.2005) (Tjoflat, J„ dissenting).
The court is bound by Rodriguez’s magic-words test. I therefore concur in its judgment. Were we writing on a clean slate, I would reject Rodriguez’s test because, as I explained in Thompson, it “fosters disrespect for the rule of law.” See 18 U.S.C. § 3553(a)(2)(A) (“The court, in determining the particular sentence to be imposed, shall consider the need for the sentence imposed ... to promote respect for the law----).” Id. at 1303-04.